**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                              NO. 4:07CR00376 JLH

LANGSTON LEWIS ROBINS                                                                          DEFENDANT

**ORDER**

Langston Lewis Robins's appointed counsel has filed a motion to correct the order directing that Robins be transported to a federal medical facility for evaluation. The order directed that the person conducting the examination file a report with the Court that addresses whether Robins is mentally competent and whether he was insane at the time of the offense. The order recites that the person determining competency or insanity would have forty-five (45) days for the examination pertaining to sanity at the time of the offense. Counsel requests that the order be corrected to reflect that the evaluation to be performed is limited to an assessment of competency pursuant to 18 U.S.C. § 4241 and should be limited to a period not to exceed thirty (30) days.

The motion for psychiatric or psychological examination recited a history of episodes indicating a need for a psychiatric or psychological examination. That history included specific diagnoses and specific medications that have been used to treat the diagnosed illnesses. The motion requested "that the Court send Robins to a federal medical facility where he can be assessed and potentially restored to competency." The motion further stated:

> In compliance with 18 U.S.C. § 4247(b), the Federal Public Defender Office recommends that Mr. Robins be committed to the custody of the Attorney General for placement in a suitable facility closest to the court for a period not to exceed forty-five (45) days.

Counsel also requested that she be notified of the location of the facility and the name of the examining physician so as to be able to provide the necessary documentation of the history of Robins's diagnosis, including apparently voluminous records that she has accumulated.

Although 42 U.S.C. § 4242 was not expressly invoked in the motion, it was implicitly invoked in paragraph 8 where counsel requested that Robins be committed to the custody of the Attorney General for a period not to exceed forty-five (45) days, in compliance with 18 U.S.C. § 4247(b). Section 4247(b) authorizes commitment for a period not to exceed thirty (30) days for an examination under section 4241, 4244, or 4245, but it authorizes commitment not to exceed forty-five (45) days under section 4242, 4243, 4246, or 4248. In view of the emphasis in the motion on Robins's history, and in view of the request for commitment for forty-five (45) days pursuant to section 4247(b), the Court construed the motion as a request for an examination both to determine competency at the present time and sanity at the time of the offense.

Apart from the wording of the motion for an examination, the motion to correct the order offers no explanation as to why it would be prejudicial to Robins for the psychiatrist or psychologist examining him to address the issue of whether he was sane at the time the offense was committed. The only apparent difference is that an examination for competency is limited to thirty (30) days whereas an examination for sanity is limited to forty-five (45) days, but in either instance it is not uncommon for the facility to request an extension of time. Moreover, in this instance, Robins was already in custody, allegedly in a facility where he was not receiving the medications prescribed for his psychiatric condition. The motion requested not only that he be examined to determine competency but also that he be placed in a facility where he could be returned to competency, so in this instance nothing in the record before the Court indicates that Robins would be prejudiced by

spending an additional fifteen (15) days in a federal medical facility. Indeed, the motion strongly suggests that an additional fifteen (15) days in a federal medical facility will benefit him because the alternative would be not to release him but to return him to a state facility where he is currently being detained. In other instances similar to this, the Court has granted a motion for an examination either to determine sanity or competency only to have defense counsel, after the defendant has returned from the examination, move for the other examination. It is far more efficient and far less conducive to delay to direct that the psychiatrist or psychologist addressing one of those issues also address the other one absent any infringement on the defendant's constitutional rights.

Finally, the motion to correct the order does not address the issue of whether, when a defendant moves for a competency examination, the Court has the inherent authority to order an examination to determine whether the defendant was sane at the time of the offense. *Cf. United States v. McSherry*, 226 F.3d 153, 155-56 (2nd Cir. 2000).

The motion to correct order is DENIED. Document #29.

IT IS SO ORDERED this 7th day of July, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE