**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                           NO. 4:07CR00376 JLH

LANGSTON LEWIS ROBINS                                                                    DEFENDANT

**ORDER**

Langston Lewis Robins was charged in a one-count indictment with attempted bank robbery in violation of 18 U.S.C. § 2113(a). The charges stem from an attempted bank robbery that occurred on September 5, 2007, at the Metropolitan National Bank, 7401 Cantrell Road, Little Rock, Arkansas. On that date, a black male entered the bank and handed a teller a note stating:

> This is a robbery. Fill the pack with Twenties, Fiftys, and Hundreds. Do not place any Dye or Tracking Devices in the Backpack. Do not inform security or police while I am here in the bank. Thank you.

An off-duty police officer working as a security guard observed the event and intervened. The black male struck the officer and fled. He was apprehended on that same day and identified as Langston Lewis Robins.

While in custody, Robins's mental condition deteriorated. Robins was committed to the custody of the Attorney General for a mental evaluation and was designated to the Metropolitan Correctional Center in Chicago, Illinois. On July 22, 2008, a licensed clinical psychologist from that facility issued a report stating that Robins was actively psychotic and not competent to stand trial. The report recommended that Robins be transferred without delay to a Federal Medical Center for treatment. In keeping with the recommendation in that report, Robins's attorney waived a competency hearing in order to expedite his transfer to a suitable facility for treatment. Robins then

was designated to the Federal Medical Center in Rochester, Minnesota, which began treatment, including the administration of anti-psychotic medications.  On December 18, 2008, the Federal Medical Center in Rochester issued a report stating that Robins's psychiatric condition had improved to the point that he was competent to stand trial.  Robins was no longer actively psychotic.  However, he did have a mental defect in the form of mild mental retardation.  Testing indicated a WAIS-IV full-scale IQ of 58.  The report stated that Robins needed to be continued on his medications in order to continue to be competent.

On March 30, 2009, the Federal Medical Center in Rochester, Minnesota, issued a report stating that Robins suffered from a mental disease or defect but nevertheless was able to appreciate the nature and quality or wrongfulness of his acts at the time of the commission of the alleged offense.

At the request of Robins's lawyer, Robins continued to be detained in the Federal Medical Center in Rochester until shortly before his trial, which was scheduled to begin on May 26, 2009.  Robins's lawyer traveled to Rochester to meet with him, to discuss with him whether he would enter a plea of guilty, and to have him execute a waiver so that the presentence report could be completed before entry of a guilty plea.

The Court then scheduled the change of plea and sentencing for the morning of May 28, 2009.  On the morning of May 28, 2009, Robins appeared before the Court with his attorney, and the Court began the change of plea hearing.  During the course of the change of plea hearing, the Court questioned Robins regarding whether he intended to rob the bank when he entered it.  Robins told the Court that someone named Chris had written the note and had driven him to the bank.  Robins said that he did not know what the note said.  He said that he had been instructed to take the

note in and hand it to the teller, but he had not known what should happen after he handed the note to the teller. He knew he was carrying a backpack but did not know why. Based upon Robins's answers, the Court declined to accept a plea of guilty because, on Robins's account as stated during the plea colloquy, he did not have the requisite intent to be found guilty. Robins's lawyer asked the Court to accept a plea of *nolo contendere*. The Court took that request under advisement and adjourned the hearing until the afternoon.

When the hearing resumed in the afternoon, the Court declined to accept a plea of *nolo contendere* because, as stated, on Robins's account, he lacked the requisite intent to be found guilty, and the Court did not want to accept a plea that would result in Robins being found guilty of a felony if, in fact, Robins was not guilty.

Based on the report from the Federal Medical Center dated December 18, 2008, and based on the Court's own observations of Robins, the Court found Robins competent to stand trial. Robins was not suffering from psychotic symptoms on May 28, 2009. Although Robins has some mental retardation, he understood the nature and consequences of the proceedings against him and had the ability to assist in his defense.

Robins executed a written waiver of his right to trial by jury, to which the government consented, and which the Court approved. By agreement of the parties, the Court presided over a bench trial during the afternoon of May 28, 2009. The defense stipulated to the facts other than whether Robins had the intent to commit bank robbery at the time of the alleged offense. The government introduced into evidence an audiotape of an interview of Robins by a detective from the Little Rock Police Department. The interview was conducted on the same day as the alleged offense. When the detective asked Robins what the note said, Robins could not repeat the contents of the

note, but he told the detective that the note said something to the effect of hand over the money and no one will get hurt. The stipulated facts indicated that when Robins was confronted in the bank by an off-duty police officer who was working as a security guard, a scuffle ensued and Robins fled on foot. Based on Robins's statement to the detective that the note said something to the effect of hand over the money and no one will get hurt, and based on the fact that Robins fled when confronted by the off-duty police officer working as a security guard, the Court found that the government had met his burden of proving beyond a reasonable doubt that Robins had the intent to rob the bank.

After the Court found Robins guilty, by agreement of the parties, the Court went forward with sentencing.

Robins had objected to a two-level enhancement in the presentence report for infliction of bodily injury and had objected to the fact that the report did not give Robins a reduction in offense level for having a minor role as provided in U.S.S.G. § 3B1.2(b). During the sentencing hearing, Robins withdrew his objection to the two-level enhancement for bodily injury based upon a review of photographs taken of the off-duty police officer shortly after the event in question. The Court overruled his request for a two-level reduction under U.S.S.G. § 3B1.2(b). The Court found that Robins did not write the note that was handed to the teller and indeed was incapable of writing the note using that vocabulary. Furthermore, the Court found that someone drove Robins to the location of this bank. It is not a location to which Robins likely would have walked from his place of residence in September 2007. In other words, someone other than Robins planned the robbery, persuaded Robins to participate, wrote the note, and drove Robins to the bank. Nevertheless, Robins was the person who entered the bank and attempted to rob it. The Court does not believe that U.S.S.G. § 3B1.2(b) permits a determination that Robins was a minor participant in a bank robbery

when he personally entered the bank and attempted to commit the robbery.

Based on this ruling, the total offense level for Robins was 21. Robins has no criminal history, so the criminal history category was I. The statutory maximum term of imprisonment is 20 years. Based on an offense level of 21 and a criminal history category of I, the guideline imprisonment range is 37 to 46 months. Supervised release under the statute would be not more than three years and under the guidelines would be not less than two years nor more than three years. Statutory maximum fine is $250,000. Under the guidelines, the fine range is from $7,500 to $75,000. A special assessment of $100 is mandatory.

After determining the guideline range applicable to Robins's case, the Court imposed a sentence of time served, which represents a sentence of approximately 20 months. That sentence, in the Court's view, is sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of 18 U.S.C. § 3553(a). The Court recognizes that attempted bank robbery is a serious offense and, further, that bodily injury was inflicted in connection with the offense. However, in view of Robins's diminished mental capacity, the Court believes that a sentence of time served is sufficient to reflect the seriousness of the offense. Furthermore, the sentence is sufficient to afford adequate deterrence to criminal conduct.

During the course of the sentencing hearing, Robins's adoptive mother, Mildred Carter, testified that she would take Robins back into her home, would ensure that he receives his psychiatric medication, would arrange for him to have continued counseling, and would supervise him so that he would not commit further crimes. In the Court's view, a sentence of time served, which would permit Robins to be released and to return to his mother's home, is a better avenue for protecting the public from further crimes by Robins than sentencing him to serve additional time in

the bureau of prisons. If the Court imposed a sentence that required an additional term of imprisonment, Robins likely would be designated to a facility where he would be in the general population. The Court believes that Robins would be vulnerable to mistreatment by other inmates and would conclude his term of imprisonment with a greater likelihood of committing further crimes than if he were to go home to live with his mother. The Court also believes that sentencing him to time served and releasing him so that his mother can supervise him is the best avenue for providing him with the needed medical care and other treatment in the most effective manner. While he is taking his psychiatric medications, Robins does not exhibit psychotic symptoms, and the Court believes that Ms. Carter is highly motivated to insure that Robins continues to receive his medications. For these reasons, considering all of the factors under 18 U.S.C. § 3553(a)(2), the Court has imposed a sentence of time served followed by three years of supervised release.

No fine is imposed as Robins is not able and is not likely to become able to pay all or even part of a fine, even with the use of a reasonable installment schedule. A $100 special assessment is mandatory and is imposed.

IT IS SO ORDERED this 29th day of May, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE